Jerry Wayne ALLEN, Petitioner—
Appellee,

v.

A.A. LAMARQUE, Warden,
Respondent—Appellant.

No. 01–17022.

D.C. No. CV–00–00976–PJH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2002.

Decided Oct. 29, 2002.

Before D.W. NELSON, HAWKINS,
and WARDLAW, Circuit Judges.

MEMORANDUM *

Petitioner Jerry Wayne Allen, a California state prisoner convicted of second degree murder, filed a 28 U.S.C. § 2254 petition for habeas corpus in the district court alleging ineffective assistance of counsel. The district court granted the petition, and the warden appeals. We review de novo the district court's decision to grant a § 2254 petition, *Dubria v. Smith*, 224 F.3d 995, 1000 (9th Cir.2000), and we affirm.

Ineffective assistance of counsel consists of deficient performance that results in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The California Court of Appeal found that Allen's trial counsel was deficient in failing to locate and interview Gregory McLaughlin, a potentially exculpatory witness whose account of the shooting differed materially from that of the state's witnesses. After an evidentiary hearing to determine the precise content of Allen's testimony, however, the state trial court judge determined that McLaughlin was not credible, and thus that the failure to present his testimony did not prejudice McLaughlin.

When a petitioner alleges that a state court incorrectly failed to find a violation of constitutional rights, we must first de-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

termine whether there was a constitutional violation, and only then determine whether relief may be barred by the contrary state decision. *See Van Tran v. Lindsey,* 212 F.3d 1143, 1154–55 (9th Cir.2000). As the California Court of Appeal found, the failure to interview McLaughlin was deficient; we must determine whether this deficient performance prejudiced Allen, such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

Prejudice based on a failure to investigate witnesses "must be considered in light of the strength of the government's case." *Rios v. Rocha,* 299 F.3d 796, 808–809 (9th Cir.2002) (citation and internal quotations omitted). Because the government's case rested largely on the testimony of one eyewitness, we have no trouble concluding that the failure to call McLaughlin "undermine[s] confidence in the outcome," and resulted in prejudice. *Strickland,* 466 U.S. at 694. *See also Rios,* 299 F.3d at 809–813; *Avila v. Galaza,* 297 F.3d 911, 923–24 (9th Cir.2002).

Where a state court fails to find a constitutional violation, we may grant relief if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). State court factual findings are "presumed to be correct" unless rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Although "the relationship between § 2254(d)(2) and § 2254(e)(1) is not entirely clear ... the standard of review appears to be clear error under both statutory provisions." *Green v. White,* 232 F.3d 671, 672 n. 3 (9th Cir.2000).

Although "a finding by a trial court regarding credibility is ordinarily the kind of finding to which we would defer on collateral review," *Torres v. Prunty,* 223 F.3d 1103, 1109 (9th Cir.2000), a credibility finding unsupported by the record evidence is clearly erroneous. *Green,* 232 F.3d at 678, 678 n. 9; *see also Avila,* 297 F.3d at 921–23 (rejecting four credibility findings by the state court because none was supported by the record evidence).

Here, for the same reasons given in the well-reasoned decision of the district court, we find that the evidence does not support the state court's credibility finding. McLaughlin's lateness in appearing at court and his failure to notify the court that he would be absent due to a car accident were not his fault and do not bear on his credibility. His strained relationship with his supervisor at work has been resolved. His failure to cooperate with the police investigation does not undermine his credibility in light of the fact that his original statement to the police, given shortly after the shooting and at a time when he was cooperating with the investigation, is consistent with his testimony at the evidentiary hearing.

Although a trial court may be in a unique position to observe a witness's demeanor, *see Marshall v. Lonberger,* 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983), the state court here did not rely on McLaughlin's demeanor. The state court did cite McLaughlin's "evasiveness," but evasiveness is not a demeanor characterization and "can be determined objectively from an examination of the record." *Aguilera–Cota v. INS,* 914 F.2d 1375, 1381 n. 6 (9th Cir.1990). We find no evasiveness in the record.

The consistency of McLaughlin's testimony, his lack of motive to lie, and his stable work history provide clear and convincing evidence of his credibility, rebutting the presumption of correctness accorded to the state court's finding. That finding was clearly erroneous and an unreasonable determination of the facts in

light of the evidence presented. The district court was correct to grant Allen's petition based on ineffective assistance of counsel.

AFFIRMED.